**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4285

ARLIE H. MONK, II,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-98-100)

Submitted: October 26, 1999

Decided: November 19, 1999

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David L. White, MASTERS & TAYLOR, L.C., Charleston, West
Virginia, for Appellant. Rebecca A. Betts, United States Attorney,
Steven I. Loew, Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Arlie H. Monk, II, was convicted of bank fraud and money laundering. In this appeal, he claims that there was insufficient evidence at his trial to support his convictions and that the trial court erred in determining the amount of restitution he should pay to the victim bank. We affirm.

I.

In reviewing a sufficiency claim on appeal, we examine the evidence in the light most favorable to the Government. Glasser v. United States, 315 U.S. 60, 80 (1942). We will sustain the verdict if it is supported by "substantial evidence." Id.

Monk's convictions arose from the last in a series of three fraudulent loans in which his co-defendant, John F. Hale, Jr., was involved. This loan (the "Monk loan") was obtained from McDowell County National Bank ("McDowell") in September 1994. It was used in part to pay off the second loan (the "Gentry loan"), which had also been issued by McDowell. Neither Hale nor Monk made regular payments on the Monk loan, ultimately resulting in a net loss of $114,719.36 for McDowell.

The purpose for each of the three loans was to acquire and develop the same piece of property. In applying for these loans, Hale and Monk made a number of misrepresentations about the state of the property. In addition, according to the McDowell employee who arranged the Monk loan, Hale and Monk applied for that loan in Monk's father's name. Monk's father testified that he had not authorized Monk to do this.

The Monk loan was disbursed in two checks, one to McDowell for repayment of the Gentry loan and another to a trustee. With the proceeds from the second check, the trustee gave Hale a check in the name of his aunt, Irma Gentry, which Hale deposited in his own account at another bank. He then acquired a cashier's check, again in

2

Gentry's name, which he put into his own account at a different bank. Out of this deposit, he transferred $10,000 into Monk's wife's account.

Monk argues that there was insufficient evidence showing an intent to defraud, as required by the bank fraud statute, 18 U.S.C. § 1344 (1994). See United States v. Wilkinson, 137 F.3d 214, 232 (4th Cir. 1998) (separate opinion of Hamilton, J.) (listing the elements of bank fraud), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3234 (U.S. Oct. 5, 1998) (No. 98-116). We disagree. The various misrepresentations Monk made in his loan application, as well as the $10,000 benefit he gained from the loan, sufficed to prove the requisite intent.

We also reject Monk's argument that the Government failed to prove his involvement in the laundering of the proceeds from the Monk loan. As described above, the evidence, viewed in the light most favorable to the Government, established that Monk was involved in obtaining money from McDowell by fraud and then, after a series of transactions by his partner, he received a $10,000 payoff from that loan. We conclude the jury could properly infer from this evidence that Monk was involved in the transactions linking the fraud and the payoff. Accordingly, Monk is not entitled to reversal of his convictions based on insufficiency of the evidence.

II.

Monk's claim concerning the restitution order is equally unavailing. He asserts that he should not be liable for McDowell's entire loss, because part of the Monk loan was used to pay off the Gentry loan. In essence, he argues that the bank would have lost the amount of the Gentry loan even if Hale and Monk had never taken out the Monk loan, so Monk should only be made to account for the increase in loss caused by the Monk loan (that is, the amount of the Monk loan minus the amount of the Gentry loan). We believe, however, that the Monk loan was intimately related to the Gentry loan and that this deceptive refinancing increased McDowell's exposure to the risk of default. Accordingly, we uphold the lower court's decision requiring Monk to make restitution for the entire loss caused by Hale's scheme. See United States v. Henoud, 81 F.3d 484, 488-89 (4th Cir. 1996) (dis-

3

cussing the scope of permissible restitution orders in cases involving schemes and conspiracies).

In sum, we affirm Monk's convictions and his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4